UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WORLD FUEL SERVICES, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-452** |
| **MAGDALENA GREEN M/V** | **SECTION "K"(2)** |

## ORDER AND OPINION

Before the Court is the "Motion to Dismiss/Vacate Arrest" filed on behalf of Magdalena Green, B.V. ("Green"), as claimant of the M/V MAGDALENA GREEN, which seeks to dismiss World Fuel Services, Inc.'s ("WFS") arrest claim against the M/V MAGDALENA GREEN, and seeks damages for the wrongful arrest of the vessel. Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the motion in part.

Green entered into a time charter party with S.E. Shipping Lines ("SESL") for the M/V MAGDALENA GREEN. Prior to the creation of the charter party, SESL entered into a general fuel purchase agreement with Plaintiff, WFS.

Pursuant to this general agreement, WFS delivered $167,339.68 worth of fuel to the M/V MAGDALENA GREEN. Subsequently, WFS sent an email to SESL stating "UTA and MAGDALENA GREEN paid today . . ." SESL then wrote, "Please find the attached remittance slips. All payments are made. Please re-confirm thanks." To which WFS responded, "Thanks - confirmed all paid." (Doc 14, Ex. C, C1-C2). WFS then generated a receipt confirming the payment, which detailed the total paid to be $241,520.24, with $74,180.56 for the UTA and $167,339.68 for the M/V MAGDALENA GREEN. (Doc. 14, Ex. D).

1

After this, WFS filed a verified complaint, *in rem*, for the arrest of the M/V MAGDALENA GREEN, alleging that SESL had failed to timely pay for the $167,339.68 fuel invoice. WFS' arrest of the vessel was consequently perfected.

Mover seeks to vacate the arrest of the M/V MAGDALENA GREEN, and seeks damages for the wrongful arrest of the vessel. WFS argues that due to a provision in the general fuel purchase agreement, the amount outstanding on the M/V MAGDALENA GREEN was not satisfied, and thus the arrest proper.

Title 46 U.S.C. § 31342(a)(1), the Federal Maritime Lien Act ("FMLA"), provides, "[a] person providing necessaries to a vessel . . . has a maritime lien on the vessel." The parties agree there is no dispute that WFS delivered $167,339.68 worth of fuel to the M/V MAGDALENA GREEN, and that such a delivery constitutes a necessary service for the purposes of the FMLA. Accordingly, WFS established a maritime lien on the vessel.

The FMLA provides that when a contractor supplies necessary services for a vessel, the contractor acquires a maritime lien against the vessel *until* payment is satisfied. *Maritrend, Inc. v. M/V SEBES,* 1997 WL 660614, *2 (E.D. La. 1997). Furthermore, the FMLA is premised on the concept that a vessel is a distinct entity, and therefore statutorily liable only for its own debts. *Id.* Indeed, a maritime lien is based on the fiction that the vessel itself, not the owner or the charterer, is the defendant in a breach of contract action if such action arises. *E.A.S.T., Inc. of Stamford, Conn. v. M/V Alaia,* 876 F.2d 1168, 1174 (5th Cir. 1989). Thus, payment for the debt of a vessel extinguishes the lien on that vessel.

As mentioned previously, after SESL sent a payment totaling $241,520.24 to WFS, the following email exchange occurred between the two:

- WFS: "UTA and MAGDALENA GREEN paid today . . ."

- SESL: "Please find attached the remittance slips. All payments are made. Please re-confirm thanks."

- WFS: "Thanks - confirmed all paid."

(Doc 14, Ex. C, C1-C2). WFS then generated a receipt confirming the payment, which showed the total paid to be $241,520.24, with $74,180.56 for the UTA and $167,339.68 for the M/V MAGDALENA GREEN. (Doc. 14, Ex. D). Accordingly, it is clear that the debt of the M/V MAGDALENA GREEN was paid, and consequently the lien on the vessel extinguished at the time of arrest. Therefore, Green's motion is granted to the extent is seeks to dismiss WFS' arrest claim against the M/V MAGDALENA GREEN.

Green also seeks damages for the wrongful arrest of the M/V MAGDALENA GREEN. Maritime law allows damages upon a showing of bad faith, malice, or gross negligence. *Marastro Compania Naviera, S.A. v. Canadian Maritime Carriers, Ltd.,* 959 F.2d 49, 53 (5th Cir. 1992). Yet it also provides that the "advice of competent counsel, honestly sought and acted upon in good faith is alone a complete defense to an action for malicious prosecution." *Id*. WFS claims to have relied upon a provision in the general fuel purchase agreement to warrant the seizure of the M/V MAGDALENA GREEN. Based upon the current record, the Court is unable to conclude that Green has made a showing of bad faith, malice, or gross negligence on the part

of WFS in having the vessel seized. Should Green wish to continue to pursue a claim for damages, it may reurge its motion with additional evidence. Accordingly,

**IT IS ORDERED** that the "Motion to Dismiss/Vacate Arrest" filed on behalf of Magdalena Green, B.V., as claimant of the M/V MAGDALENA GREEN is **GRANTED** to the extent it seeks to dismiss World Fuel Services, Inc.'s arrest claim against the M/V MAGDALENA GREEN;

**IT IS FURTHER ORDERED** that the claim of Magdalena Green, B.V., for damages for the wrongful arrest of the M/V MAGDALENA GREEN is dismissed without prejudice.

New Orleans, Louisiana, this 1st day of June, 2011.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE