UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WORLD FUEL SERVICES, INC.,** trading as WORLD FUEL SERVICES | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-452** |
| **M/V MAGDALENA GREEN, Official No. 9232462, her engines, machinery, appurtenances, etc.,** *in rem* | **SECTION "K"(2)** |

## ORDER AND OPINION

Before the Court is the "Motion for Reconsideration" filed on behalf of plaintiff World Fuel Services, Inc. (WFS) )(Doc. 22). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion.

Plaintiff urges the Court to reconsider its order granting defendant Magdalena Green, B.V.'s motion to dismiss to the extent that it sought to dismiss WFS's arrest claim against the M/V MAGDALENA GREEN. Plaintiff contends that "[t]he facts show that WFS's maritime lien against the M/V MAGDALENA GREEN . . . was never extinguished." Doc. 22-1, p. 1.

"Motions requesting reconsideration of court orders generally fall under Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure." *Maronge v. Hunt Petroleum Company*, 2011 WL 39028 (E.D. La. January 4, 2011). Because plaintiff filed its motion for reconsideration within twenty-eight days of the date the Court ruled upon WFS's "Motion to Dismiss/Vacate Arrest," the Court construes the motion for reconsideration as a motion to alter or amend judgment under Rule 59(e).

This Court has recognized four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new

evidence, (3) the need to prevent manifest injustice, (4) or an intervening change in controlling law. *In Re Katrina Canal Breaches Consolidated Litigation*, 2009 WL 5216897 at 1(E.D. La. December 29, 2009).  The Court has further recognized that "[r]econsideration of a judgment is an extraordinary remedy which courts should use sparingly." *Id.* (*see* Wright, Miller & Kane, *Federal Practice & Procedure*: Civil 2d §2810.1, p. 124, *Fields v. Pool Offshore, Inc.*, 1998 WL 43217 (E.D. La. Feb. 3, 1998); *Bardwell v. Sharp*, 1995 WL 517120, at 1 (E.D. La. Aug. 30, 1995).  The Fifth Circuit Court of Appeals has instructed that the standard for Rule 59(e) "favors denial of motion to alter or amend a judgment." *Southern Contractors Group, Inc. v. Dynalectric Company*, 2 F.3d 606, 611 (5th Cir. 1993).

Contrary to the WFS's contention, the Court's prior ruling granting defendant's motion to dismiss, in part, did not contain a manifest error of fact or law.  The following facts which occurred on September 16, 2010, are undisputed:

- Geoff Williamson, a WFS manager, acknowledged in an email to Jiten Mehra, an employee of S.E. Shipping Lines, ("SESL") the receipt of $241,490.24 stating "UTA and MAGDALENA GREEN paid today - 9/16/2010  Incoming Money Transfer (195) $241,490.24.
- Jiten Mehra emailed Mr. Williamson the remittance slips and stated "[a]ll payments are made.  Please reconfirm thanks."
- Mr. Williamson responded by email to Mr. Mehra stating "[t]hanks- confirmed *all* paid."
- WFS generated a document entitled "Payment 25900COPRK3 Details" confirming a payment of $241,520.24 and identifying the "Payment Details" as UTA usd 74180.56 and . . . MAGDALENA GREEN USD 167339.68.

Doc. 14-4, Ex. C , Doc. 14-5, Ex. D (emphasis added).

The Court acknowledges that the general fuel purchase agreement between SESL and WFS provides, in pertinent part that:

2

> All payments received from Buyer after an invoice is overdue shall first be applied to interest, legal collection costs and administrative fees incurred before they will be applied to the principal amounts on a subsequent delivery.  Buyer may not designate application of funds to a newer invoice so long as there are any unpaid charges, interest, collection costs or administrative fees on a previous one.

Doc. 1, Ex. B. However, despite that provision, WFS clearly allocated $167,339.68 of SESL's September 16, 2010 payment to the account of the MAGDALENA GREEN and the rest to UTA and then confirmed that allocation as well as a statement of "all paid" via email to SESL.  That specific allocation of funds and representation of "all paid" by WFS to the MAGDALENA GREEN extinguished the maritime lien on the MAGDALENA GREEN at the time of payment.  Deposition testimony and other evidence indicating post-payment decisions concerning the allocation of the amount paid by SESL cannot resurrect the maritime lien on the MAGDALENA GREEN after it has been extinguished by payment.  It is simply too late to put the proverbial "toothpaste back into the tube" given WFS's representations to SESL on September 16, 2010.  Plaintiff has failed to satisfy the high standard necessary to grant a Rule 59(e) motion.  Accordingly, the motion is DENIED.

New Orleans, Louisiana, this 8th day of July, 2011.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE